UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BIOMIN AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-2109-HLT |
| | ) | |
| LESAFFRE YEAST CORP., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

This is an unfair-competition case. The plaintiff, Biomin America, Inc., alleges that two of its former employees, defendants Brett Bell and Anna Crockett, violated non-competition, non-solicitation, and confidentiality covenants in their employment agreements in the course of working for their current employer, defendant Lesaffre Yeast Corporation. On March 9, 2020, plaintiff filed a motion for temporary restraining order and preliminary injunctive relief. At the same time, so plaintiff could prepare for the anticipated hearing on its motion for a preliminary injunction, plaintiff filed a separate motion for leave to serve document requests before the parties conduct their Rule 26(f) discovery-planning conference, to shorten to 21 days the time for responding to such document requests, and finally, to obtain an expedited Rule 16 scheduling conference with the court (ECF No. 10). The presiding U.S. District Court Judge, Holly L. Teeter, denied plaintiff's motion for a TRO on March 30, 2020, leaving open for another day the question of whether plaintiff might be able to show on a more robust record whether a preliminary

injunction was warranted.¹ For the reasons discussed below, plaintiff's motion for leave for expedited discovery is granted in part and denied in part.

Under Fed. R. Civ. P. 26(d)(1), a party may not seek "discovery from any source before the parties have conferred as required by Rule 26(f), except … when authorized by these rules, by stipulation, or by court order." Of course, because the court has broad discretion to alter the timing, sequence, and volume of discovery, it's authorized to permit discovery before the Rule 26(f) conference and to shorten the time to respond to interrogatories and document requests to less than 30 days.² A party that seeks expedited discovery in advance of a Rule 26(f) conference has the burden to show good cause for the requested departure from usual discovery procedures.³ In considering the standard of good cause in the context of Rule 26(d), the court should also evaluate the scope of the requested discovery.⁴ Although federal courts have permitted expedited discovery in cases seeking

---

¹ ECF No. 31. In her memorandum and order, Judge Teeter noted that "in cases involving a request for preliminary injunctive relief, expedited discovery is often appropriate," but left it to the undersigned U.S. Magistrate Judge, James P. O'Hara, to resolve the discovery motion. *Id.* at 21-22.

² *Silpada Designs LLC v. Cox*, No. 12-2406-JWL, 2012 WL 13028926, at *1 (D. Kan. July 30, 2012); *Lindsey & Osborne P'ship, L.P. v. Day & Zimmermann, Inc.*, No. 08-CV-2301-CM-DJW, 2008 WL 2858786, at *2 (D. Kan. July 22, 2008).

³ *HydroChem LLC v. Keating*, No. 17-CV-1281-JTM-TJJ, 2017 WL 5483441, at *1 (D. Kan. Nov. 15, 2017); *Teran v. GB Int'l. S.P.A.*, No. 11-2236, 2011 WL 5005997, at *2 (D. Kan. Oct. 20, 2011).

⁴ *Teran*, 2011 WL 5005997, at *2.

preliminary injunctive relief,[5] it is commonly related to jurisdictional issues.[6] To determine whether to allow expedited discovery, courts in the District of Kansas consider the following factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made."[7]

The undersigned doesn't see that much practical use would be accomplished by an extended discussion of how the above-described standards apply in this particular case. It suffices here to say that on balance the relevant factors weigh against granting plaintiff's request to serve its proposed document requests. But it would be unwise for defendants to infer that the case will now move along at a snail's pace. To the contrary, despite challenges presented by the current pandemic situation, the undersigned intends for this case to proceed briskly.

Under separate order entered today, the undersigned has set a telephonic Rule 16 conference for April 24, 2020 at 9:00 a.m. Counsel will be directed to conduct their Rule 26(f) conference (which presumably also will be conducted by telephone, given the

---

[5] *Silpada Designs LLC*, 2012 WL 13028926, at *1.

[6] *Teran*, 2011 WL 5005997, at *2 ("Courts in the District of Kansas have found expedited discovery warranted in similar situations, such as permitting limited discovery regarding the issue of personal jurisdiction and venue.").

[7] *HydroChem LLC*, 2017 WL 5483441, at *1; *SC Realty, Inc. v. MTC Cleaning, Inc.*, No. 15-2315, 2015 WL 11089660, at *1 (D. Kan. Feb. 19, 2015).

pandemic situation) by April 17, 2020, and to submit their planning meeting report and initial disclosures to the undersigned's chambers via e-mail by April 20, 2020.

When counsel conduct their Rule 26(f) conference and build out their discovery plan, without limiting all the various agenda items that should be addressed under the separate order mentioned above, the undersigned respectfully submits that counsel (and of course their clients, too) would be well-served by: (1) objectively taking into account what Judge Teeter said in her detailed TRO ruling, as that may provide everyone a pretty good roadmap of where this case may be headed; (2) discussing whether trial should be advanced and consolidated with the anticipated preliminary-injunction hearing, as permitted by Fed. R. Civ. P. 65(b); (3) in lieu of proceeding under Fed. R. Civ. P. 34, agreeing at least initially to an informal, mutually expedited exchange of easily identified key documents, so as to avoid getting bogged down with squabbles over how to parse responses and objections; and (4) engaging quickly in a meaningful settlement dialogue, mindful that this sort of litigation tends to be particularly time-intensive and equally mindful that both sides (including the clients) may find it extraordinarily difficult to devote the required time in the midst of a pandemic.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to conduct limited discovery (ECF No. 10) is granted in part and denied in part, i.e., as explained above, although the court grants the portion seeking an expedited Rule 16 conference, the court denies the portion seeking leave to serve discovery requests before the Rule 26(f) planning conference.

Dated April 3, 2020, at Kansas City, Kansas.

s/James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge